UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CHAO and
DORA S. CHAO,

    Plaintiffs,

v.

CASE NO. 18-12265
HON. DENISE PAGE HOOD

BRADLEY J. KEDING, ELENA
M. KEDING, FRED VORAN,
BARBARA VORAN, and DOES 1-10,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFFS'
PARTIAL MOTION FOR SUMMARY JUDGMENT [#29]**

**I.    INTRODUCTION**

On July 19, 2018, Plaintiffs filed a Complaint alleging that all Defendants breached a contract (Count I) and enjoyed unjust enrichment (Count II). The Complaint was amended on August 2, 2019. On October 11, 2019, Plaintiffs filed a Motion for Partial Summary Judgment, ECF No. 29, claiming that Plaintiffs were entitled to judgment against Defendants Bradley Keding and Elena Keding (the "Keding Defendants"). The Motion has been fully briefed. For the reasons that

follow, the Court grants Plaintiff's Motion for Partial Summary Judgment with respect to Plaintiffs' breach of contract claim in Count I.

## II.    STATEMENT OF FACTS

In February 2003, Plaintiffs entered into a written agreement for a commercial lease (the "Lease") in Los Angeles, California, with Plaintiffs leasing space at the Villa Marina Marketplace ("the Premises") for the purpose of operating a Quizno's Sub shop.  The Lease was to expire on April 30, 2011.  On March 1, 2005, Plaintiffs, the landlord of the Premises, and Defendants Bradley J. Keding and Elena M. Keding (the "Keding Defendants") entered into an "Assignment, Assumption & Amendment of Lease." ECF No. 25, Ex. A (the "Assignment").  Pursuant to the terms of the Assignment, the Keding Defendants became the tenant under the Lease, and the Lease was extended to December 31, 2014.  As a condition to the execution of the Assignment, the Voran Defendants agreed to execute a Guaranty of the Lease.

In 2007, the Keding Defendants assigned their interest in the Lease to a third party.  In 2014, a tenant of the Premises subject to the Lease began to default in the payment of rent and, by the end of 2014, the unpaid rent balance exceeded $67,000. The Landlord filed an action against Plaintiffs, the Keding Defendants, and the Voran Defendants in July 2014, with the Landlord seeking damages in excess of $500,000 from all Defendants. *See* SC 122828 ("CA Case–828").  Plaintiffs claim to have

tendered defense of the case to Defendants, and demanded indemnity and defense from Defendants, pursuant to the Assignment and the Guaranty. Defendants declined to defend or indemnify Plaintiffs. As a result, Plaintiffs incurred costs and fees defending themselves, although the case was dismissed without prejudice.

At the end of 2014, the Landlord again filed suit against Plaintiffs and all Defendants in California state court for unpaid rent arrearage and damages in excess of $500,000. *See* SC 125162 ("CA Case–162"). Plaintiffs again claim to have tendered defense to Defendants and demanded indemnity and defense of that case from Defendants, pursuant to the Assignment and the Guaranty. Defendants again declined to defend or indemnify Plaintiffs. In CA Case –162, Plaintiffs filed a cross-claim against Defendants to enforce the Assignment. As in CA Case–828, Defendants successfully asserted that they were not subject to personal jurisdiction in California, As a result, Plaintiffs incurred costs and fees defending themselves. CA Case –162 eventually settled, with Plaintiffs obligated to pay the Landlord $30,000. Plaintiffs maintain that they have incurred legal fees and costs of more than $63,000 in defending the California cases.

### III.  LEGAL STANDARD

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

3

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**IV. ANALYSIS**

A.     **Breach of Contract**

It is undisputed that the Assignment provides that "[t]his Assignment shall be governed by and construed in accordance with the laws of the State of California." ECF No. 25, Ex. A at ¶ 16. Under California law, the elements of a breach of contract claim are: (1) the existence of a contract between plaintiff and defendant; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages. *See, e.g., Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014). There is no dispute that element (1) has been satisfied. Plaintiffs argue that elements (2), (3) and (4) also have been satisfied. Plaintiffs assert that: (a) they assigned the Lease to the Keding Defendants, tendered the Keding Defendants the defense of both California cases, and asked for indemnification after Plaintiffs settled CA Case–162; (b) Paragraph 7 of the Assignment unambiguously requires the Keding Defendants to indemnify Plaintiffs for the damages, fees, and costs Plaintiffs incurred with respect to the California cases; and (c) Plaintiffs suffered injury as a result of the Keding Defendants' breach by failing to defend the California cases, such that Plaintiffs incurred a settlement of $30,000 and costs and fees of more than $63,000.

Paragraph 7 of the Assignment provides:

> 7.     Indemnification. Assignor [Plaintiffs] hereby indemnifies and holds Assignee [the Keding Defendants] and Landlord harmless from and against any loss, cost, claim or liability, including reasonable

> attorneys' fees and costs, relating to or in connection with the Lease and the Premises prior to the Effective Date [March 1, 2005].  **<u>Assignee hereby indemnifies and holds Assignor and Landlord harmless from and against any loss, cost, claim or liability, including reasonable attorneys' fees and costs, relating to or in connection with the Lease and the Premises from and after the Effective Date</u>** [March 1, 2005].

ECF No. 25, Ex. A at ¶7 (emphasis added). Plaintiffs contend that the Keding Defendants violated their obligations pursuant to Paragraph 7 when the Keding Defendants refused to defend and indemnify Plaintiffs with respect to the California cases, as the underlying claims in the California cases pertain to liability in connection with the Lease and the Premises that arose well after March 1, 2005.

The Keding Defendants argue that indemnification obligations are associated with a third party but, pursuant to the Assignment (including Paragraph 7), the Landlord is a first party, not a third party. Citing *Zalkind v. Ceradyne, Inc.*, 194 Cal.App.4th 1010, 1024 (2011); *Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal.App.4th 949, 969 (1993) ("Indemnification agreements ordinarily relate to third party claims."). The Keding Defendants assert that a first-party claim for indemnification, such as that involving the Landlord's claim, must be based on clear and explicit language. *City of Bell v. Superior Court*, 220 Cal.App.4th 236, 246 (2013) ("a routine third-party indemnity clause . . . does not extend to first-party claims in the absence of clear and explicit language to that effect"). The Keding Defendants

contend that there is no intent to extend indemnification to first-party claims in Paragraph 7 of the Assignment.

Plaintiffs contend that, as between Plaintiffs and the Keding Defendants, the Landlord's claims in the California cases constitute "third party claims." Plaintiffs argue that none of the cases cited by Defendants involve lease assignments and assumptions situations and do not support the Keding Defendants' position regarding third party claims. Plaintiffs assert that, as between Plaintiffs and the Keding Defendants, the Landlord was a third party, and the California cases filed by the Landlord constituted third party claims.

The Keding Defendants suggest that, even if the indemnification clause at issue is viable, interpretation of Paragraph 7 requires looking to extrinsic evidence, particularly in this California case. Citing *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 37 ("The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible"); *Walter E. Heller W., Inc. v. Tecrim Corp.*, 196 Cal.App.3d 149, 158 (1987) ("When two equally plausible interpretations of the language of a contract may be made, as in our case, parol evidence is admissible to aid in interpreting the

7

agreement, thereby presenting a question of fact which precludes summary judgment if the evidence is contradictory."). Although Plaintiffs concede that California has a permissive parol evidence law, Plaintiffs believe that fact is irrelevant in this case because the indemnity clause is unambiguous.

The Court finds that Paragraph 7 is unambiguous, with Plaintiffs agreeing to indemnify and hold harmless the Keding Defendants and the Landlord for any liability incurred prior to March 1, 2005, and the Keding Defendants agreeing to indemnify and hold harmless Plaintiffs and the Landlord for any liability on or after March 1, 2005. The Court also finds that the Landlord is a third party with respect to the present claim for indemnification. Plaintiffs incurred liability for which they are now seeking indemnification from the Keding Defendants; any other entity or person would be a third party. The fact that Plaintiff's liability stems from a lawsuit initiated by the Landlord does not establish that the Landlord is making a first party claim.

The Keding Defendants next argue that Plaintiffs have failed to submit evidence that Plaintiffs tendered the defense of the California cases to the Keding Defendants. In such instances, the Keding Defendants state, if Plaintiffs (as indemnitee) had a good defense to liability on the merits that they failed to assert, Plaintiffs are not entitled as a matter of law to recover against the indemnitor (the Keding Defendants). Citing Cal.

8

Civ. Code § 2778(6) and (7) (if a tender is made and rejected, any payments made by the indemnitee are only presumptively owed by the indemnitor).

Plaintiffs counter that no specific form of "tender" is set forth in the California Civil Code and the term used is "request." In this case, Plaintiffs argue that, with respect to CA Case–828, the Keding Defendants filed a formal pleading that denied "any liability or responsibility whatsoever" for the Landlord's claims and even claimed that Plaintiffs owed the Keding Defendants indemnity and contribution. ECF No. 29, Exs. 5 and 6. Plaintiffs argue that the Keding Defendants' pleading constituted an express refusal by the Keding Defendants to indemnity Plaintiff in both California cases (CA Case–828 and CA Case–162), such that the result of the litigation is conclusive against the Keding Defendants. Citing Cal. Civ. Code § 2778(5) ("If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former"). Plaintiffs also argue that they made a formal demand that the Keding Defendants indemnify and defend Plaintiffs, in February 2017, when they filed their cross-claim against the Keding Defendants. ECF No. 32, Ex. 15.

The Court notes that the California Civil Code affords the indemnitee (Plaintiffs) the right to conduct its own defense (Cal. Civ. Code § 2778(4)). And, the Court finds that when Defendants preemptively refused to defend the case by

9

successfully moving the courts to dismiss them from the California cases, the subsequent result of the litigation would be "conclusive against" the indemnitor (the Keding Defendants). In addition, even if Plaintiffs failed to request indemnity from the Keding Defendants, the result of CA Case–162 constitutes "presumptive evidence" against the Keding Defendants. Cal. Civ. Code § 2778(6).

The Keding Defendants further argue that neither Plaintiffs nor the Keding Defendants were liable for rent payments a successor tenant failed to make in 2014 because the Lease executed by Plaintiff expired in 2011. This position is disingenuous because the Assignment provides that the Lease term was extended until December 31, 2014. ECF No. 25, Ex. A at ¶ 5.a. Undeterred, the Keding Defendants suggest that, even if the term was extended through 2014, Plaintiffs promise was unsupported by any adequate consideration, such that the Keding Defendants would not have an indemnity obligation to Plaintiffs because the money was not validly owed and Plaintiffs failed to competently defend themselves. Plaintiffs denounce this argument, stating that they received consideration when the Keding Defendants assumed the Lease, the Landlord consented to the assignment, and Plaintiffs gained the ability to walk away from the business they operated.

The Keding Defendants also dispute that they owed Plaintiffs the claimed attorney fees and costs of $63,000 because only reasonable attorney fees are

recoverable. Cal. Civ. Code § 1717 (prevailing party is entitled to "reasonable attorney's fees"). The Keding Defendants contend that the reasonableness of the claimed attorney fees and costs constitutes a genuine dispute of material fact as there was no reasonable basis for Plaintiffs to file a cross-claim against the Keding Defendants after the California court had determined there was no personal jurisdiction over the Keding Defendants. This issue, however, does not bear on whether the Keding Defendants' breached the Assignment by failing to indemnify Plaintiffs; any genuine dispute regarding the reasonableness of the attorney fees and costs can be resolved at a later time.

Finally, the Keding Defendants suggest that, at the time Plaintiffs filed this action, there was no diversity jurisdiction. They argue that no settlement had been reached in CA Case –162 (the only pending matter), and only $25,000 had been paid to attorneys, such that the $75,000 threshold was not clearly satisfied. The Court rejects this argument as the Landlord was seeking approximately $500,000 in the California case (CA Case –162) pending on July 19, 2018 (when the Complaint was filed).

**B.     Unjust Enrichment**

Plaintiffs pleaded the unjust enrichment claim in the alternative in the event there was no express controlling agreement between the parties. Accordingly, with respect to the Keding Defendants, Plaintiffs' unjust enrichment claim is now moot.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Partial Summary Disposition (Judgment), ECF No. 29 is GRANTED.

Date: October 4, 2022              s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE