UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CHAO and DORA S. CHAO,

      Plaintiffs,

                                Case No. 18-12265

v.

                                HON. DENISE PAGE HOOD

BRADLEY J. KEDING, ELENA
M. KEDING, FRED VORAN, and
BARBARA VORAN,

      Defendants.

_____/

**ORDER GRANTING THE VORAN DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF No. 33]**

## I.    INTRODUCTION

On July 19, 2018, Plaintiffs filed a two-count Complaint alleging that
Defendants breached a contract (Count I) and were unjustly enriched (Count II).
Plaintiffs filed an Amended Complaint on August 2, 2019.  On December 2, 2019,
Defendants Fred Voran and Barbara Voran (the "Voran Defendants") filed a Motion
for Summary Judgment, ECF No. 33, and Plaintiffs filed a response brief.  No reply
brief was filed.  A hearing on the Motion was held on January 29, 2019.  For the
reasons that follow, the Court **grants** the Voran Defendants' Motion for Summary
Judgment.

## II.    STATEMENT OF FACTS

In February 2003, Plaintiffs entered into a written agreement for a commercial lease (the "Lease") in Los Angeles, California, with Plaintiffs leasing space at the Villa Marina Marketplace ("the Premises") for the purpose of operating a Quizno's Sub shop.  The Lease was to expire on April 30, 2011.  On March 1, 2005, Plaintiffs, the landlord of the Premises, and Defendants Bradley J. Keding and Elena M. Keding (the "Keding Defendants") entered into an "Assignment, Assumption & Amendment of Lease." ECF No. 25, Ex. A (the "Assignment").  Pursuant to the terms of the Assignment, the Keding Defendants became the tenant under the Lease, and the Lease was extended to December 31, 2014.  As a condition to the execution of the Assignment, the Voran Defendants agreed to execute a Guaranty of Lease.

The Guaranty of Lease, also executed on March 1, 2005, "was made as of March 1, 2005 . . . by Barbara Voran and Fred Voran . . . (collectively, the "Guarantors" and individually, each a "Guarantor") . . . in favor of **Villa Marina MHRP V, LLC**, a Delaware limited liability company ("Landlord")." ECF No. 25, Ex. A (at Exhibit B) (emphasis in original).  The Guaranty provides, in part:

> Landlord and William Chao and Dora S. Chao . . . ("Tenant") are the current parties to that certain lease dated May 16, 2001 (the "Lease") . . . concerning the premises . . . (the "Premises").  Landlord and Tenant desire to assign the lease to Bradley J. Keding & Elena M. Keding . . . by the attached Assignment, Assumption and Amendment of Lease, dated as of the date herewith (the "Assignment").

2

A.     Guarantors have a financial interest in Bradley J. Keding & Elena M. Keding.

B.     Landlord would not execute the said Assignment if the Guarantors did not execute and deliver to Landlord this Guaranty.

**NOW, THEREFORE**, for good and valuable consideration, . . . Guarantors hereby jointly, severally, unconditionally and irrevocably guaranty the prompt payment by Tenant of all rents and all other sums payable Tenant under the Lease and the faithful and prompt performance by Tenant of each and every one of the terms, conditions and covenants of the Lease to be kept and performed by Tenant, and further agrees as follows:

\* \* \* \* \*

4.     Landlord shall have the right to proceed against Guarantors hereunder following any breach or default by Tenant without first proceeding against Tenant and without previous notice to or demand upon either Tenant or Guarantors.

\* \* \* \* \*

10.     The term "Landlord" refers to and means the Landlord named in the Lease and also Landlord's successors and assigns.  The term "Tenant" refers to and means the Tenant named in the Lease and also Tenant's successors and assigns.

\* \* \* \* \*

*Id.*

## III.   LEGAL STANDARD

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

3

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## IV.  ANALYSIS

**A.     Breach of Contract Claim**

The parties agree that California law governs this matter.  The Court notes that the Guaranty does not contain a choice of law provision, but the Assignment provides that it "shall be governed by and construed in accordance with the laws of the State of California." ECF No. 25, Ex. A at ¶16.  Under California law, the elements of a breach of contract claim are: (1) the existence of a contract between plaintiff and defendant; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages. *See, e.g., Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014).[1]  The Voran Defendants argue that Plaintiff has not established any contract between any Plaintiff and any Voran Defendant.  Plaintiffs do not respond to this argument.  The Court agrees with the Voran Defendants' position.

The Guaranty was executed only by the Voran Defendants.  The Guaranty was entered into for the express benefit of the Landlord, *see* ECF No. 25, Ex. A (at Exhibit B, at Preamble ¶ B)  ("Landlord would not execute the said Assignment if the

---

[1]Under Michigan law, a breach of contract claim requires a plaintiff to prove: (1) the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; (2) the defendant breached the contract; and (3) the defendant's breach caused a loss to the plaintiff. *See, e.g., Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990).

Guarantors did not execute and deliver to Landlord this Guaranty.").  The Landlord was the only party with a "right to proceed against Guarantors" under the Guaranty. *Id.* at ¶ 4.  No Plaintiff was a party to the Guaranty.  And, neither of the Voran Defendants was a party to the Assignment or any other agreement identified by Plaintiffs.

Accordingly, the Court grants the Voran Defendants' Motion for Summary Judgment as it relates to Plaintiffs' breach of contract claim in Count I.

## B.    Unjust Enrichment Claim

The Voran Defendants argue that they are not liable under an unjust enrichment theory because: (a) the scope of their liability under the Guaranty is limited to claims brought by the Landlord; and (b) they never consented to guaranty any debts owing to Plaintiffs.  The Court agrees.

Although Plaintiffs correctly argue, and the Voran Defendants admit, that Plaintiffs constituted a "Tenant" under the Guaranty, the Court finds that fact not relevant for purposes of this matter.  In several provisions, the Guaranty includes language that: (a) the Landlord had rights against the Voran Defendants, who had liability only to the Landlord, *see, e.g.,* ECF No. 25, Ex. A (at Exhibit B, ¶¶ 2, 3, 4 and 11); and (b) the Voran Defendants had a financial interest in the Keding Defendants. ECF No. 25, Ex. A (at Exhibit B at Preamble ¶ A).

6

The Voran Defendants, as guarantors, made promises that they would pay the Landlord if the "Tenant" breached or defaulted under the Lease, even if the Landlord did not first proceed against the Tenant. *See, e.g.,* ECF No. 25, Ex. A (at Exhibit B, ¶ 3 ("this Guaranty is a continuing guarantee under which Landlord may proceed immediately against Tenant and/or against Guarantors . . .") and ¶ 4 ("Landlord shall have the right to proceed against Guarantors hereunder following any breach or default by Tenant without first proceeding against Tenant . . .")).  Plaintiffs do not point to any provision in the Guaranty – nor does the Court find any provision in the Guaranty – that demonstrates that: (1) the Voran Defendants promised to reimburse Tenant in any manner or for any reason; or (2) the Guaranty was for the benefit of Tenant (including Plaintiffs).

Plaintiffs note that the Voran Defendants "expressly promised to assure payment of 'all rents and all other sums payable by **Tenant** under the Lease . . .'". ECF No. 35, PgID 765 (citing ECF No. 25, Ex. B at 1 (the "**NOW, THEREFORE**" paragraph) (emphasis in original)).  Plaintiffs do not – and cannot – show, however, that this promise was for the benefit of the Tenant (Plaintiffs), particularly as a guarantor's liability is limited to the express terms of the guaranty agreement. *Airlines Reporting v. U.S. Fidelity & Guaranty*, 31 Cal.App.4th 1458, 1464 (1995).  The provision cited above states that Guarantors "guarant[eed] the prompt payment by

Tenant," which clearly is a promise to the Landlord and because it guarantees the payment **by** Tenant.  That provision does not guarantee payment **to** Tenant (whether Tenant was Plaintiffs or the Keding Defendants), and there is no other evidence that the Voran Defendants sought to benefit Plaintiffs.

As the Voran Defendants argue, in a surety relationship such as this one, there is a principal (Tenant), the guarantor (the Voran Defendants), and the guarantee (the Landlord).  Although "a surety has every right to reimbursement **from its principal**," *Washington Int'l Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 989 (1988) (emphasis added), Plaintiffs have offered no legal authority to support the theory that a principal may seek reimbursement from the guarantor.

Plaintiffs argue that California law provides that "a contract made expressly for the benefit of a third party can be enforced by that party." ECF No. 35, PgID 768 (citing Cal. Civ. Code Sec. 1559).  Plaintiff argues that, under the Guaranty, the Voran Defendants "expressly undertook to pay all rents and other obligations as to which the Plaintiffs would, under the Assignment Agreement, remain potentially liable for." *Id*. Plaintiffs argue that the third party beneficiary need not even be named in the Guaranty, "if the intent to benefit the beneficiary can be discerned." *Id.*  For these reasons, Plaintiffs insist that they are "both named and intended beneficiaries under the . . . Guaranty." ECF No. 35, PgID 769.

8

The Court does not find Plaintiffs, third party beneficiary argument persuasive or a basis for denying the Voran Defendants' motion for summary judgment.  There is no language in the Guaranty – the only document the Voran Defendants signed – that expressly or implicitly indicates that Plaintiffs were intended beneficiaries under the Guaranty.  As noted above, the promises made in the Guaranty are expressly for the benefit of the Landlord.  Even in the Assignment, the only implicit benefit for Plaintiffs as the result of the guaranty by the Voran Defendants was to allow Plaintiffs to transfer the Lease to the Keding Defendants.  There is no discernible intent by the Voran Defendants to benefit Plaintiffs under the Guaranty (or the Assignment).

The Court also finds that the Guarantors have no indemnity liability to Plaintiffs.  First, as guarantors, Plaintiffs are not indemnitors, as a matter of law. *Airlines Reporting*, 31 Cal.App.4th at 1464 n.2 ( "'The essential distinction between an indemnity contract and a contract of guaranty . . . is that the promisor in any indemnity contract undertakes to protect his promisee against loss or damage through a liability on the part of the latter to a third person, while the undertaking of a guarantor . . . is to protect the promisee against loss or damage through the failure of a third person to carry out his obligations to the promisee.'" (citing *Somers v. United States F. & G. Co.,* 191 Cal. 542, 547 (1923).  Second, a duty to indemnify stems only from a contract or "initial and active negligence by another." *SF Examiner Division*

*v. Sweat*, 248 Cal.App.2d 493, 497 (1967).  It is undisputed that the Voran Defendants were not negligent, and as discussed above, there was no contract between Plaintiffs and the Voran Defendants, for indemnification or any other reason.

## V.      CONCLUSION

Accordingly,

IT IS ORDERED that the Voran Defendants' Motion for Summary Judgment [ECF No. 33] is GRANTED.

s/Denise Page Hood
HON. DENISE PAGE HOOD
Date: October 4, 2022          UNITED STATES DISTRICT JUDGE